# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

December 3, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**EVERETTE GRAY,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1168**  (BOR Appeal No. 2048849)
                          (Claim No. 2011024464)

**EAGLE MANUFACTURING,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Everette Gray, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Eagle Manufacturing, by Maureen Kowalski and Michael N. Watson, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 24, 2013, in which the Board affirmed a September 12, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges denied Mr. Gray's motion for late filing protest to the claims administrator's February 14, 2013, decision. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Gray worked for Eagle Manufacturing and injured his left biceps tendon on July 29, 2010, while working. The claim was held compensable. He received 104 weeks of temporary total disability benefits. On February 14, 2013, the claims administrator granted Mr. Gray an 8% permanent partial disability award and suspended his temporary total disability benefits. Mr.

1

Gray filed a late protest to the Office of Judges on August 19, 2013, and the Office of Judges received this protest on August 22, 2013.

The Office of Judges denied Mr. Gray's motion for late filing of a protest to the claims administrator's February 14, 2013, decision. The Board of Review affirmed the Order of the Office of Judges and held that Mr. Gray's protest was not timely filed pursuant to West Virginia Code §§ 23-5-1(b)(1) (2009) and 23-5-6 (2009). On appeal, Mr. Gray disagrees and asserts that Eagle Manufacturing, the claims administrator, the employer's attorney, and his former attorney all acted in bad faith. Eagle Manufacturing maintains that the Board of Review found Mr. Gray's late protest to the claims administrator's February 14, 2013, decision was untimely. Eagle Manufacturing further maintains that West Virginia Code §§ 23-5-1(b)(1) and 23-5-6 set forth that a claimant has sixty days from the date of a claims administrator's decision to file a protest with the Office of Judges and in the event of a show of good cause the period will be extended to 120 days. It argues that even if good cause was shown, Mr. Gray still failed to protest within 120 days and that he did not file a protest until 146 days after the latest date he became aware of the need to file a protest.

The sole issue on appeal is the timeliness of the protest to the claims administrator's decision. West Virginia Code § 23-5-1(b)(1) states that any decision of the Insurance Commissioner, private carrier, or self-insured employer is final unless protested within sixty days after receipt of the decision. West Virginia Code § 23-5-6 states that the time period for filing a protest may be extended for a good cause shown by "a period of time equal to the applicable period." The Office of Judges found that the claims administrator's February 14, 2013, decision would most likely have been received within three to five days after the date of issuance, which would approximately be February 19, 2013. The Office of Judges concluded that the sixty day period in which to file a protest would have ended approximately on April 22, 2013. The Office of Judges then concluded that the extended time period under West Virginia Code § 23-5-6 would have expired sometime in late June of 2013. Mr. Gray knew about the 8% award because he sent a protest to the employer's attorney, Ms. Kowalski, on March 19, 2013, and returned the money to Ms. Kowalski's office. The Office of Judges noted that this apparent protest was only sent to Ms. Kowalski. On August 19, 2013, Mr. Gray filed a late protest that was received by the Office of Judges on August 22, 2013. Therefore, the Office of Judges concluded that this is clearly beyond the time allowed by the statute and that it is jurisdictionally prohibited from allowing Mr. Gray to file a late protest. The Board of Review agreed with the findings and conclusions of the Office of Judges.

This Court agrees with the findings of the Office of Judges. Mr. Gray did not file a protest to the Office of Judges until August 19, 2013. The Office of Judges concluded that the initial sixty day period would end approximately on April 22, 2013, and the extended period if good cause was shown would end approximately in late June of 2013. Therefore, Mr. Gray clearly has filed his protest untimely.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  December 3, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II